UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH VERNON WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELANO REGIONAL MEDICAL CENTER, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01563-SKO (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 8) |

　　　Plaintiff Ralph Vernon Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On January 29, 2021, Plaintiff filed a document in which he states that he would "like to know the status of [his] case" and "to present evidence of [his] injuries," and that he "need[s] [a] legal representative." (Doc. 8.)

　　　As stated in the Court's First Informational Order, because Plaintiff is incarcerated and seeks relief against governmental entities or employees, his complaint is subject to screening pursuant to 28 U.S.C. §1915A. (Doc. 3 at 3.) The Court will screen the complaint in due course.

　　　As also stated in the informational order, the Court does "not serve as a repository for evidence." (*Id.*) Plaintiff should not file evidence with the Court, unless necessary to do so in connection with a motion, trial, or a court order. Evidence improperly submitted to the Court may be stricken or returned without further notice.

///

Lastly, plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, to the extent Plaintiff's filing (Doc. 8) is construed as a motion for the appointment of counsel, the Court DENIES the motion without prejudice.

IT IS SO ORDERED.

Dated:  **January 29, 2021**                         /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE